Robinson, J.
 

 This action was begun in the court of common pleas of Hancock county to restrain the city of Findlay, and others, from collecting any part of certain assessments levied against the properties of the plaintiffs, abutting upon West Main Cross street, for the improvement of that street.
 

 The petition avers consent by the council of the city of Findlay that the board of county commissioners construct such road wholly within the city of Findlay, under favor of Section 6949, General Code; avers the’ entering into a contract between the board of county commissioners of Hancock county and the council of the city of Findlay, whereby the city of Findlay assumed a portion of the cost and expense of such improvement; avers compliance by the board of county commissioners of Hancock county and the council of the city of Findlay with all the provisions of Sections 6949, 6950, and 6951, General Code; avers the passage of an ordinance by the council of the city of Find-lay, ordering the city’s portion of the cost and expense of the improvement assessed against abutting lots and the assessing of the plaintiff’s properties for such cost and expense; avers that the assessment of the plaintiffs’ properties according to special benefits is unlawful; and prays for an order restraining the levying and collection of the assessment.
 

 It is claimed here, and we presume was the claim in the trial court, that, by reason of the
 
 *353
 
 provisions of Section 6951-1, General Code, the council of the municipality is, and was, without power to raise the portion of the cost and expense of the improvement assumed, to be paid by the municipality by special assessment according to benefits, but wa's confined to raising its proportion of the expense by a tax levied upon the municipality as a whole.
 

 The trial court,.after ascertaining the value of the properties of the various plaintiffs, reduced the assessments to one-third of the value of the properties, and entered judgment for the defendants. Error was prosecuted to the Court of Appeals, where the judgment of the court of common pleas was affirmed.
 

 The only question here is whether the provision of Section 6951-1, General Code, is effective to nullify the power conferred upon the council of a municipality by Section 6950, General Code, to raise all or a portion of the expense of such improvement assumed by it by a special assessment according to benefits. The determination of this question requires the consideration of Sections 6949, 6950, 6951, and 6951-1, General Code.
 

 Section 6949, General Code, empowers the board of county commissioners to construct a proposed road into, within, or through a municipality, and provides as a. condition precedent to the exercise of such power that the consent of the council of such municipality be first obtained; provides that the council may assume and pay a portion of the cost and expense of such improvement, and that, if the council does not assume any portion of the
 
 *354
 
 cost and expense of such improvement, no further action on the part of the municipality need be taken; and provides that all subsequent proceedings in connection with such improvement shall be conducted in the same manner as though the improvement were situated wholly without the municipality.
 

 Section 6950, General Code, provides that if the municipality assumes a portion of the cost and expense of the proposed improvement, the county commissioners shall submit surveys, plans, profiles, cross-sections, estimates, and specifications for the improvement, and that a copy thereof shall be filed with the council of the municipality; provides for the approval thereof by the council, the publication of notice that the consent of the municipality has been given, the agreement entered into, and the surveys, etc., approved; authorizes the council of a municipality to levy taxes upon 'all the taxable property of the municipality, under the same conditions and restrictions imposed by law in the case of taxes levied for the purpose of providing funds for the payment of the municipal share of the cost of street improvements under the exclusive jurisdiction and control of the council of a municipality, and also authorizes the council to assess against abutting property owners all or any part of the municipality’s proportion of the cost and expense of the improvement.
 

 Section 6951, General Code, provides that the municipality shall pay to the county treasurer its estimated proportion of the cost and expense of the improvement, as fixed in the agreement, out
 
 *355
 
 of any funds available therefor, and, in anticipation of the collection of assessments being made against abutting property, and in anticipation of the collection of taxes levied for the purpose of providing for the payment of the municipality’s share, it authorizes the sale of bonds.
 

 Sections 6949, 6950, and 6951, General Code, therefore, provide two schemes whereby a road into, within, or through a municipality may be improved by the board of county commissioners, and define the power of both the board of county commissioners and the council of the municipality with reference thereto. Section 6951-1, General Code, is not a limitation or modification of any power there conferred, but provides a third scheme by which the board of county commissioners may improve a road into, within, or through a municipality, and confers a new and additional power upon both the board of county commissioners and the council of the municipality.
 

 Sections 6950 and 6951, General Code, contemplate that all the money to be raised within the municipality, as such, shall be raised by the legislation of the municipality, that is, that the municipality provide both for the levying of special assessments and for the levying of a tax upon the municipality as a whole, while Section 6951-1, General Code, contemplates that the board of county commissioners take the necessary action for all special assessments, and that property specially benefited within the municipality may be assessed by the board of county commissioners Tinder the authority provided for assessing property specially
 
 *356
 
 benefited lying without the municipality, under which scheme the municipality assumes only such proportion of the cost and expense of the improvement as is to be paid by the municipality as a whole. Therefore the words
 
 “to be borne by the municipality as a whole”
 
 have no reference to the scheme provided for in Sections 6950 and 6951, General Code.
 

 The judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Jones, Matthias, Day, Allen and Kinkade, JJ., concur.